UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAVIER TORRES,

    Plaintiff,

v.                                              Case No. 8:20-cv-1693-CEH-CPT

ANDREW HOWARD,

    Defendant.
_____/

## O R D E R

Torres sues Howard, a deputy sheriff, for a federal civil rights violation. (Doc. 1)  Torres asserts that Deputy Howard violated his constitutional rights by using excessive force during Torres's arrest. (Doc. 1 at 8)  Torres alleges that the deputy "escorted" him to the ground, smashed his face onto the concrete, struck him in the face, broke his nose, dislocated his back, and tased him. (Doc. 1 at 8)  Torres demands $250,000.00 for pain and suffering. (Doc. 1 at 10)

Torres attaches to his complaint a police report by Deputy Howard. (Doc. 1-1)[1]  In the report, the deputy states that he observed Torres driving dangerously and violating traffic laws. (Doc. 1-1 at 1)  The deputy activated the emergency lights on his marked police car and conducted a traffic stop. (Doc. 1-1 at 1)

---

[1] Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("It is the law in this Circuit that when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.") (citations and quotation marks omitted).

1

Torres pulled into a parking lot of a gas station, sped through the lot, almost struck a car, and parked. (Doc. 1-1 at 1) Torres exited his car and walked toward the gas station. (Doc. 1-1 at 1) Deputy Howard, who was dressed in a police uniform, instructed Torres to get back in his car and told Torres that he was not free to leave. (Doc. 1-1 at 1) Torres continued walking and replied, "No." (Doc. 1-1 at 1) The deputy attempted to grab Torres's arm, and Torres turned around and started to run away. (Doc. 1-1 at 1)

Deputy Howard tackled Torres to the ground, and Torres resisted arrest by tensing his arms and saying, "I did not do anything." (Doc. 1-1 at 1) When Torres tucked his hands under his chest, the deputy punched with a closed fist the left side of Torres's face and broke his nose. (Doc. 1-1 at 1) The deputy continued to order Torres to stop resisting and surrender his hands, and Torres continued to resist. (Doc. 1-1 at 1) The deputy tased Torres, and Torres rolled over on his back and started punching the deputy in the lower torso. (Doc. 1-1 at 1) Another deputy arrived and tased Torres a second time. (Doc. 1-1 at 1) After the second tase, the second deputy was able to handcuff Torres. (Doc. 1-1 at 1)

## **ANALYSIS**

A district court dismisses a complaint filed by a prisoner against a police officer if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may

2

be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2).[2]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" and "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court accepts facts — not legal conclusions — as true. 556 U.S. at 678–79. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Torres asserts that Deputy Howard violated his rights under the Eight Amendment for using excessive force during the arrest. (Doc. 1 at 8) However, an excessive force claim arising from an arrest or traffic stop invokes the protection of the Fourth Amendment — not the Eighth Amendment. *Graham v. Connor*, 490 U.S. 386, 394–95 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the

---

[2] Even though Torres is no longer incarcerated (Doc. 6), he was incarcerated when he filed this action and the screening provision under Section 1915A applies. *Spurlock v. Burnham*, No. 3:19-cv-3592-MCR-HTC, 2020 WL 2515944 at *7 n.5 (N.D. Fla. April 14, 2020).

3

right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person.").

Also, a district court examines the use of force from the perspective of a reasonable officer on the scene and considers factors such as (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. 490 U.S. at 395–96. *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008) (identifying additional factors such as "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted, and (4) whether the force was applied in good faith or maliciously and sadistically") (citation and quotation marks omitted).

Torres initially defied Deputy Howard's command to get back in his car and attempted to run away when the deputy grabbed his arm. After the deputy brought Torres to the ground, Torres continued to defy the deputy when he tensed his arms and tucked his hands under his chest. By tucking his hands under his chest, Torres could have accessed a weapon kept in his waistband or pocket. The deputy punched Torres in the face and tased him — nonlethal uses of force — only after Torres repeatedly resisted arrest and posed an immediate threat to the safety of the deputy.

The deputy's use of force was neither unreasonable nor unconstitutional. *Manners v. Cannella*, 891 F.3d 959, 974–75 (11th Cir. 2018) ("[T]he taser was used to restrain, subdue, and handcuff Manners, whose resistance was evident from the outset . . . . He was never tased beyond his complete physical capitulation.") (citation and

quotation marks omitted); *Mobley v. Palm Beach Cty. Sheriff Dep't*, 783 F.3d 1347, 1356 (11th Cir. 2015) ("[F]orce applied while the suspect has not given up and stopped resisting and may still pose a danger to the arresting officers, even when that force is severe, is not necessarily excessive."). *Accord Cantrell v. McClure*, 805 F. App'x 817, 821 (11th Cir. 2020) ("In the moments leading up to the instant before the tackle, Cantrell had evaded a traffic stop; had forced Officer Dover into a dangerous car chase; had narrowly missed colliding with an oncoming vehicle; had crashed his vehicle into a park; had evaded arrest by the first officer he encountered; and had indicated an intent to evade the second set of officers attempting to detain him. . . . Given the circumstances, the force McClure used to arrest Cantrell was not excessive."); *Baker v. Clements*, 760 F. App'x 954, 958 (11th Cir. 2019) ("Given Plaintiff's active and aggressive resistance to arrest — which also constituted obstruction of an officer — an objective officer under the circumstances could have concluded reasonably that the use of fist strikes was necessary to complete Plaintiff's arrest.").

Because a more carefully crafted complaint might state a claim upon which relief can be granted, the Court will give Torres an opportunity to amend his complaint. *Bank v. Pitt*, 928 F.2d 1108, 1111–12 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 n.1 (11th Cir. 2002).

Within thirty days from the date of this Order, Torres may submit an amended complaint to cure the deficiencies outlined above. The Clerk will enclose with this order a standard form for a civil rights complaint. If Torres fails to use the standard

form for an amended complaint, the Court may strike the amended complaint and dismiss this action without further notice. M.D. Fla. L.R. 6.04.

Torres must clearly title the document "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the standard form and may not incorporate any part of the original complaint by reference. The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint.

Torres must limit the allegations in his amended complaint to claims related to the claims asserted in the original complaint, and name as defendants only those persons who are responsible for the alleged constitutional violations. Torres must place the defendants' names in the style of the case on the first page of the civil rights complaint form and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Torres should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates of, and facts regarding, the alleged illegal acts. In the section entitled "Statement of Claims," Torres must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Torres shall identify the form of relief he seeks from this Court.

Accordingly, it is **ORDERED**:

1.    Torres's civil rights complaint (Doc. 1) is **DISMISSED** without prejudice to Torres filing an amended complaint.

2.    The Clerk is **DIRECTED** to enclose with this Order a standard form for a civil rights complaint. The case number must be written on the form.

3.    Torres has **30 DAYS** from the date of this Order to file an amended complaint that is on the standard form and complies with this Order. If Torres fails to file an amended complaint within 30 days, this action will be dismissed without further notice.

**DONE AND ORDERED** in Tampa, Florida this 23rd day of April, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
All parties of record including unrepresented parties, if any